United States District Court      Southern District of Texas

| | | |
|---|---|---|
| Calpine Energy Services, L.P., *et al.*, | § § § § | |
| Plaintiffs, | § | |
| *versus* | § § | Civil Action H-06-713 |
| Kinder Morgan Texas Pipeline, L.P., *et al.*, | § § § | |
| Defendants. | § | |

## Opinion on Partial Summary Judgment

1.    *Introduction.*

In November 2004, six Calpine affiliates sued four Kinder Morgan affiliates. In August 2005, Calpine amended its complaint, dismissing three original plaintiffs. In July 2006, Calpine filed a second-amended complaint that rejoined the three original plaintiffs. It also retained Calpine Energy Services, L.P., but it dismissed Calpine Channel Energy, LP – an entity it had only just discovered did not really exist.

Turbines belonging to Channel Energy Center, LP, were damaged. Channel blames the damage on contaminated gas from Kinder Morgan Texas Pipeline, LP. Channel is affiliated with Calpine Energy Services, L.P.

Calpine contracted with Kinder for delivery of gas to a number of points. Among these was Channel. Channel wants Kinder to pay for its damaged turbines.

2.    *Contracts.*

Channel is not a party to the contracts. The contracts between Kinder and Calpine explicitly reject rights of third party beneficiaries. Channel has no rights under the contract. Further, Calpine assumed all liability for property damage after the gas entered Channel's custody. Even if Channel had rights under the contract, its remedy would be from Calpine. Still further, the contract obliges Calpine to install and maintain filtration equipment upstream from the Channel turbines. If the gas had been contaminated, it was Calpine's duty to filter it

before it reached Channel's turbines. Again, Channel's remedy is against Calpine.

Calpine argues that this is not fair. It has standing to sue but no damages. Channel has damages but no standing to sue.

Channel's turbines were damaged. If Calpine breached a duty to properly filter the gas, Channel may sue Calpine. Channel and Calpine are affiliated; this does not shift to Kinder their shared responsibility.

Calpine has standing to sue Kinder. The damaged turbines do not belong to Calpine; it cannot sue for damage to them. The filters belong to Calpine. If the gas had been contaminated and the contamination necessitated excess costs of filtration or damaged the filtration system, Calpine could have sued to recover these costs. It did not.

Calpine and Channel also plead that Kinder was negligent. Kinder had no duty to supply gas to Channel, filtered or not. The duty belonged to Calpine. If Channel was damaged due to contaminated gas, it should have sued the party responsible for filtration – Calpine.

The negligence claims also fail. A party may, by contract, expressly shift liability for its own negligence to another party. *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705, 708 (Tex. 1987). Here, Calpine expressly assumed liability for damages occurring after Kinder delivered the gas. Calpine also expressly assumed the duty to filter the gas. Even if Kinder supplied contaminated gas, the parties' contract specifically apportions liability to Calpine. Calpine and Channel may not shift liability back to Kinder through claims in tort.

3.  *Conclusion.*

Calpine Energy Services, L.P., Calpine Corp., Calpine Channel Energy Center GP LLC, and Channel Energy Center LP will take nothing from the defendants on their claim for damages to the turbines.

Signed on September 24, 2007, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge